THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DOMINGO APONTE SOTO, Defendant and Appellant.

No. O-67-445.        Decided June 19, 1970.

*Héctor M. Cruz Ramírez* for appellant. *Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

### JUDGMENT

Appellant was convicted of a violation of § 137 of the Penal Code and of a violation of § 5-201 of Act No. 141, Vehicle and Traffic Law. 9 L.P.R.A. § 871. We issued writ of certiorari (Rule 15.1(a)) to review said convictions.

The People's only evidence was the testimony of policeman Orlando Laracuente. He testified that the defendant youth had illegally parked an automobile in front of a bakery on Post Street in Mayagüez; that he proceeded to write a ticket for administrative offense; that when the youth came closer and accepted that the vehicle was his, the witness asked him for the license thereof and the former showed him a provisional license given by firms which sell cars; that when the witness finished the ticket and handed him the slip, appellant told him that he was not going to move the car from that place and he kept on going to the bakery and the witness followed him; that he insisted on the fact that he was not going to move the car and he entered the bakery; there the policeman asked the defendant to accompany him to the police station, to which defendant replied that he was not going to the police station either; that the witness told him that he was under arrest and when defendant went towards the vehicle, the policeman grasped him by the arm, he got loose and got into the automobile. The witness walked towards the vehicle and grabbed the door; defendant switched on the car and left. The witness was close to the vehicle and when the latter moved it hit him with the left side of the door and with the

rear wheel and the witness fell to the street. Defendant continued his way and on the following day he was arrested at his house.

In the record there is a medical certificate from the Mayagüez Municipal Hospital, revealing that policeman Laracuente showed "1.—a simple contusion on the upper third of the right arm; 2.—slight abrasion on the right hip and the calf of the right leg."

With the facts set forth, as they appear from the People's evidence, informations were filed against appellant for the violation of § 137 of the Penal Code and for the violation of § 5-201 of Act No. 141, the Vehicle and Traffic Law. The Mayagüez Part, in new trial, found appellant guilty in both cases.

█ In the appeal under consideration, the improper venue of the District Court as well as of the Superior Court was assigned as an error because the facts involved showed a violation of § 84 of the Penal Code which constitutes a felony. Appellant is wrong. As it was filed, the information contains allegations proper to a violation of § 137 of the Penal Code, which is a misdemeanor. The fundamental difference between both offenses lies on the fact that § 84 requires the existence of threat or violence to prevent an executive officer from performing any legal duty, or the use of force or violence to resist the same. Section 137, on the contrary, is limited to punish the person who resists, delays, or obstructs any public officer in the discharge of any duty of his office. The proved facts reveal a situation comprised rather under § 137 than under § 84 of the Penal Code, but even though it were understood that there was an element of violence, the fact that it was chosen to prosecute appellant for the misdemeanor was a fact in his favor. The District Court had venue to entertain this information because it was a misdemeanor.

In regard to the information for the violation of the Traffic Law, while it arises from the same facts which gave rise to the information for the violation of § 137 of the Penal Code, it is obvious that a violation of this Law was also committed in accordance to the evidence, as it was believed by the trial court. Both convictions may be supported.

■ The trial court sentenced appellant, a youth, according to the record, to serve eight months in jail and to pay a $50 fine in the case for the violation of § 137 of the Penal Code and the maximum of two years in jail for the violation of § 5-201 of the Traffic Law, with the suspension of the driver's license, also, for the maximum of two years. The facts in the record do not justify the strictness of these sentences, particularly when the Solicitor General states in his argument that appellant did not have the intention of using violence or force against the police officer, and when actually the same facts, punishable under different statutes, were involved. The purposes of justice are better complied with by modifying said sentences to one of one month in jail and $500 fine in the case of the violation of § 137 of the Penal Code, and to another of $500 fine in the case for the violation of § 5-201 of Act No. 141, Traffic Law, or one day in jail for each dollar he fails to satisfy, without the subsidiary imprisonment being in excess of 90 days; with the suspension of the driver's license for a period of 6 months. Thus modified, the judgments of conviction are affirmed.

It was thus decreed and ordered by the Court and certified by the Clerk. Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Rigau delivered a dissenting opinion, in which Mr. Justice Torres Rigual concurs.

(s)  JOAQUÍN BERRÍOS

*Clerk*

—O—

Mr. Justice Rigau, with whom Mr. Justice Torres Rigual concurs, dissenting.

San Juan, Puerto Rico, June 19, 1970

I dissent. I do not believe, contrary to the statements in the judgment which was distributed, that the purposes of justice are better complied with by lowering the punishment imposed by the judge who saw, heard, and weighed the evidence. We are dealing with a person whose attention was called by a peace officer for having parked an automobile in the wrong place. Said person behaved in an obstinate manner and in open resistance to the law, and finally hitting the peace officer with the automobile when he started the same, injuring him, and appellant continuing his way in said automobile. He was arrested on the following day.

I believe that the judgment represents an improper lenience, and that on the contrary, the principle of the individualization of the penalty requires, considering the facts of the case, that the judgment appealed from be affirmed.